UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

TED MENDEZ
and other similarly situated individuals,

    Plaintiff (s),

v.

WASH PLUS, LLC,
and MICHAEL D. KELCH, individually,

    Defendants,

_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff, TED MENDEZ, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants WASH PLUS, LLC, and MICHAEL D. KELCH, individually, and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act," (Section 216 for jurisdictional placement).

2. Plaintiff TED MENDEZ is a resident of Florida, within the jurisdiction of this Honorable Court.  Plaintiff is a covered employee for purposes of the Act.

3. Defendant WASH PLUS, LLC (hereinafter, WASH PLUS, or Defendant) is a Florida corporation with its place of business in Pompano Beach, Broward County, within the

jurisdiction of this Court. At all times material, Defendant was and is engaged in interstate commerce.

4. The individual Defendant MICHAEL D. KELCH was and is now the owner/partner and manager of Defendant Corporation WASH PLUS. This individual Defendant was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this Complaint took place in Broward County, Florida, within the jurisdiction of this Court.

GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff TED MENDEZas a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked over forty (40) hours during one or more weeks on or after February 2021, (the "material time") without being compensated overtime wages pursuant to the FLSA.

7. Corporate Defendant WASH PLUS is a seller of car wash systems. Defendant provides installation, maintenance, and repair services for these machines. Defendant also sells car wash chemicals and supplies for these machines.  Defendant has facilities located at 22100 NW 22 Street, Pompano Beach, Florida 330069, where Plaintiff picked up his work orders, the company truck, equipment, and supplies to perform his work.

8. Defendants also operate from an office in Davenport and a storage locker near Orlando International Airport.

9. Defendants WASH PLUS and MICHAEL D. KELCH employed Plaintiff TED MENDEZ as a non-exempted, full-time, hourly employee from approximately February 05, 2021, to May 26, 2022, or 68 weeks.

10. Plaintiff had duties as a car wash machine technician. Plaintiff installed, gave maintenance, and repaired car wash systems. Plaintiff was a non-exempted full-time hourly employee, and he had a wage rate of $25.00 an hour. Plaintiff's overtime rate should be $37.50 an hour.

11. During his employment with Defendants, Plaintiff worked regularly and consistently more than 40 hours weekly. However, Plaintiff was not paid for all his hours worked, nor overtime hours.

12. Plaintiff had a regular schedule, and he worked 6 days per week. From Monday to Friday, Plaintiff worked from 7:00 AM to 6:00 PM (11 hours). On Saturdays, Plaintiff worked from 8:00 AM to 1:00 PM (5 Hours). Every week, Plaintiff completed between 55 and 60 working hours, or an average of 57.5 hours weekly. Plaintiff was unable to take bonafide lunchtime.

13. Plaintiff regularly worked an average of 57.5 hours. However, Defendants paid Plaintiff for less than 40 hours weekly, but they did not compensate Plaintiff for overtime hours. Defendants paid Plaintiff only for billable hours or the hours that Defendants billed its clients.

14. Defendants requested Plaintiff and other similarly situated individuals to report only billable hours. They did not allow Plaintiff and other similarly situated individuals to document the actual number of hours worked, including travel time.

15. Defendants failed to count as hours worked and part of his principal activity the time spent by Plaintiff traveling from job site to job site during the workday and the time spent traveling away to distant locations. The time spent traveling to the different worksites was part of

Plaintiff's principal activity. Consequently, this time was working time and must be counted as hours worked.

16. Due to Defendants' unlawful employment practices, Plaintiff estimates he was not paid for an average of 10 regular hours weekly. Plaintiff was not paid for a substantial number of hours at any rate, not even at the minimum wage rate, as established by federal and state law.

17. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

18. Every week, Plaintiff worked an average of 57.5 hours. However, he was not compensated for overtime hours as required by law.

19. Plaintiff did not clock in and out, but Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals. Defendants knew that Plaintiff was working more than 40 hours weekly.

20. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

21. Plaintiff was paid bi-weekly with checks and paystubs that did not reflect the actual number of days and hours worked.

22. Plaintiff disagreed with the lack of payment for overtime hours, and he complained verbally to his supervisor and owner of the business, MICHAEL D. KELCH, many times. He was told that the company compensated only for billable hours, and they did not pay overtime hours.

23. On or about May 26, 2022, Plaintiff was forced to leave his employment because, because he was working too many uncompensated hours.

24. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid minimum wages and overtime wages at the rate of time and one-half of their regular rate of pay for all overtime hours worked in excess of forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

25. Plaintiff TED MENDEZ re-adopts every factual allegation stated in paragraphs 1-24 above as if set out in full herein.

26. This action is brought by Plaintiff TED MENDEZ and those similarly situated to recover from the Employer unpaid overtime compensation, as well as an additional amount of liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate, not less than one and a half times the regular rate at which he is employed."

27. The employer WASH PLUS was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a distributor of car wash equipment and supplies and is also a seller of car wash chemicals. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, and transmits funds outside of the State

of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is enterprise coverage.

28. Plaintiff was employed by an enterprise engaged in interstate commerce. Through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by handling and working on goods and materials and materials that were produced for commerce and moved across State lines at any time during the business. Therefore, there is individual coverage.

29. Defendants WASH PLUS and MICHAEL D. KELCH employed Plaintiff TED MENDEZ as a non-exempted, full-time, hourly employee from approximately February 05, 2021, to May 26, 2022, or 68 weeks.

30. Plaintiff had duties as a car wash machine technician. Plaintiff installed, gave maintenance, and repaired car wash systems. Plaintiff was a non-exempted full-time hourly employee, and he had a wage rate of $25.00 an hour. Plaintiff's overtime rate should be $37.50 an hour.

31. During his employment with Defendants, Plaintiff worked regularly and consistently more than 40 hours weekly. However, Plaintiff was not paid for all his regular or overtime hours.

32. Plaintiff had a regular schedule, and he worked 6 days per week, an average of 57.5 hours weekly. Plaintiff was unable to take bonafide lunchtime.

33. Plaintiff regularly worked an average of 57.5 hours. However, Defendants paid Plaintiff for less than 40 hours weekly, and they did not compensate Plaintiff for overtime hours. Defendants paid Plaintiff only for billable hours or the hours that Defendants billed its clients.

34. Defendants failed to count as hours worked and part of his principal activity the time spent by Plaintiff traveling from job site to job site during the workday and the time spent traveling away to distant locations. The time spent traveling to the different worksites was part of

Plaintiff's principal activity. Consequently, this travel time was working time and must be counted as hours worked.

35. Defendants requested Plaintiff and other similarly situated individuals to report only billable hours. They did not allow Plaintiff and other similarly situated individuals to document the actual number of hours worked.

36. Due to Defendants' unlawful employment practices, Plaintiff worked an average of 57.5 hours. However, he was not compensated for overtime hours as required by law.

37. Plaintiff did not clock in and out, but Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals. Defendants knew that Plaintiff was working more than 40 hours weekly.

38. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

39. Plaintiff was paid bi-weekly with checks and paystubs that did not reflect the actual number of days and hours worked.

40. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the possession and custody of Defendants. Nevertheless, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

41. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

42. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

    *Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as new evidence could dictate. After proper discovery, calculations will be adjusted.

    a. <u>Total amount of alleged unpaid wages</u>:

    Forty-Four Thousand Six Hundred Twenty-Five Dollars and /100 ($44,625.00)

    b. <u>Calculation of such wages</u>:

    Total time of employment: 68 weeks
    Total relevant weeks of employment: 68 weeks
    Total hours worked: 57.5 average
    Regular rate: $25.00 an hour x 1.5=$37.50 O//T rate

    $37.50 x 17.5=$656.25 weekly x 68 weeks=$44,625.00

    c. <u>Nature of wages (e.g., overtime or straight time)</u>:

    This amount represents unpaid half-time overtime hours.

43. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by the Defendants to properly pay Plaintiff and others similarly situated at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

44. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of

Plaintiff and those similarly-situated employees' employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

45. At times mentioned, individual Defendant MICHAEL D. KELCH was and is now the owner/partner and manager of WASH PLUS. Defendants MICHAEL D. KELCH was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in WASH PLUS' interests concerning its employees, including Plaintiff and others similarly situated. Defendant MICHAEL D. KELCH had financial and operational control of the business, provided Plaintiff with his work schedule, and he is jointly and severally liable for Plaintiff's damages.

46. Defendants WASH PLUS and MICHAEL D. KELCH willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff and other similarly situated overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

47. Plaintiff TED MENDEZ has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff TED MENDEZ and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff TED MENDEZ and other similarly situated individuals and against the Defendants WASH PLUS and MICHAEL D. KELCH, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff TED MENDEZ actual damages in the amount shown to be due for unpaid

    overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

### JURY DEMAND

Plaintiff TED MENDEZ demands a trial by jury of all issues triable as of right by jury.

### COUNT II:
### F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

48. Plaintiff re-adopts every factual allegation stated in paragraphs 1-24 of this Complaint as if set out in full herein.

49. The employer WASH PLUS was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a distributor of car wash equipment and supplies and is also a seller of car wash chemicals. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, and transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is enterprise coverage.

50. Plaintiff was employed by an enterprise engaged in interstate commerce. Through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by handling and working on goods and materials and materials that were produced for commerce and moved across State lines at any time during the business. Therefore, there is individual coverage.

51. This action is brought by Plaintiff to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

    (1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day; and

    (C) $7.25 an hour, beginning 24 months after that 60th day.

52. Defendants WASH PLUS and MICHAEL D. KELCH employed Plaintiff TED MENDEZ as a non-exempted, full-time, hourly employee from approximately February 05, 2021, to May 26, 2022, or 68 weeks.

53. Plaintiff had duties as a car wash machine technician. Plaintiff installed, gave maintenance, and repaired car wash systems. Plaintiff was a non-exempted full-time hourly employee, and he had a wage rate of $25.00 an hour. Plaintiff's overtime rate should be $37.50 an hour.

54. During his employment with Defendants, Plaintiff worked regularly and consistently more than 40 hours weekly. However, Plaintiff was not paid for all his hours worked

55. Plaintiff had a regular schedule, and he worked 6 days per week average of 57.5 hours weekly. Plaintiff was unable to take bonafide lunchtime.

56. Plaintiff regularly worked an average of 57.5 hours. However, Defendants paid Plaintiff for less than 40 hours weekly. Defendants paid Plaintiff only for billable hours or the hours that Defendants billed its clients.

57. Defendants requested Plaintiff and other similarly situated individuals to report only billable hours. They did not allow Plaintiff and other similarly situated individuals to document the actual number of hours worked.

58. Defendants failed to count as hours worked and part of his principal activity the time spent by Plaintiff traveling from job site to job site during the workday and the time spent traveling away to distant locations. The time spent traveling to the different worksites was part of Plaintiff's principal activity. Consequently, this time was working time and must be counted as hours worked.

59. Due to Defendants' unlawful employment practices, Plaintiff estimates that he was not paid wages for an average of 10 regular hours every week. Plaintiff was not paid for a substantial number of hours at any rate, not even at the minimum wage rate, as established by federal and state law.

60. Plaintiff did not clock in and out, but Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals. Defendants knew that Plaintiff was working more than 40 hours weekly.

61. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

62. Plaintiff was paid bi-weekly with checks and paystubs that did not reflect the actual number of days and hours worked.

63. On or about May 26, 2022, Plaintiff was forced to leave his employment because he was working too many uncompensated hours.

64. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other similarly situated individuals. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

65. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

66. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

a. <u>Total amount of alleged unpaid wages</u>:

Six Thousand Eight Hundred Dollars and 00/100 ($6,800.00)

b. <u>Calculation of such wages</u>:

Total period of employment: 68 weeks
Total relevant weeks: 68 weeks
Total number of hours worked: 57.5 weekly average

    Total number of unpaid regular hours: 10 hours weekly
    Regular rate: $25.00
    Florida Minimum wage: $10.00

    Fl minimum wage rate $10.00 x 10 hours=$100.00 weekly x 68 weeks=$6,800.00

c. <u>Nature of wages:</u>

This amount represents unpaid minimum wages at the Florida minimum wage rate.

67. The Defendants unlawfully failed to pay minimum wages to Plaintiff. Plaintiff seeks to recover for minimum wage violations accumulated during his relevant time of employment.

68. The Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages.

69. At times mentioned, individual Defendant MICHAEL D. KELCH was and is now the owner/partner and manager of WASH PLUS. Defendants MICHAEL D. KELCH was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in WASH PLUS' interests concerning its employees, including Plaintiff and others similarly situated. Defendant MICHAEL D. KELCH had financial and operational control of the business, provided Plaintiff with his work schedule, and he is jointly and severally liable for Plaintiff's damages.

70. Defendants WASH PLUS and MICHAEL D. KELCH willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages as set forth above.

71. Plaintiff has retained the law offices of the undersigned attorney to represent him individually and on behalf of the asserted class and incurred attorney's fees and costs in bringing this action.

Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recover reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff TED MENDEZ respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff TED MENDEZ and against the Defendants WASH PLUS and MICHAEL D. KELCH based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff TED MENDEZ and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

DATED: November 14, 2022

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*