## SETTLEMENT AGREEMENT AND RELEASE

This Confidential Settlement Agreement and Full and Final General Release (this "Agreement") is entered into by and between Wash Plus; LLC and Michael D. Kelch, individually (collectively "Defendants"), and Ted Mendez ("Plaintiff"). Plaintiff and Defendants are collectively referred to herein as the "Parties."

## RECITALS

**WHEREAS**, on November 14, 2022, Plaintiff filed a lawsuit in the United States District Court for the Southern District of Florida, styled *Ted Mendez v. Wash Plus, LLC, et al.* (Case No. 22-cv-62112-WPD), alleging violations of the wage and overtime provisions of the Fair Labor Standards Act (the "FLSA") (the "Action");

**WHEREAS**, the Parties entered into good faith settlement negotiations resulting in this Agreement. The purpose of this Agreement is to settle and compromise any and all prior and existing disputes, claims and controversies between the Parties without any future cost and expense of litigation, and to bar any and all future disputes, claims and controversies between the Parties which may arise out of any facts or events, known or unknown, that have occurred up to the Effective Date of this Agreement;

**WHEREAS**, subject to the terms of this Agreement, the Parties now desire to fully and finally settle all of Plaintiff's claims, including the reasonable amount of attorney's fees and costs for Plaintiff's claims in the Action (in lieu of having such amount determined by the Court);

**NOW, THEREFORE**, in consideration of the mutual covenants and promises contained in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which are acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions:

1) <u>Recitals</u>. The Recitals set forth above are incorporated fully herein, are true and correct and form a material part of this Agreement.

2) <u>No Admission of Liability</u>. Plaintiff agrees and acknowledges that this Agreement is not and shall not be construed as an admission by Defendants, or any person or entity acting on their behalf, of any liability or of any act or wrongdoing whatsoever, including without limitation, any violation of: (1) any federal, state, or local law, statute, regulation, code, or ordinance; or (2) of any legal, common law, or equitable duty owed by the Defendants to any entity, regulatory authority, or individual. The Parties are entering this Agreement merely to avoid the costs and inconvenience associated with potential litigation of this matter.

3) <u>Settlement Terms and Dismissal</u>. Defendants shall pay Plaintiff the total sum of Twelve Thousand Dollars and Zero Cents ($12,000.00). Defendants shall pay Plaintiff's counsel the total sum of Eight Thousand Dollars and Zero Cents ($8,000.00) in attorney's fees and costs. Defendants also agree and have already paid the mediator's fee. The total FLSA settlement amount is $20,000.00, plus the mediator's fee (the "Settlement Amount") in consideration for the promises made herein, and in full and final settlement of the Action, including the reasonable amount of attorney's fees and costs incurred by Plaintiff in this

Action that Plaintiff has asserted or may assert against Defendants as of the Effective Date which arise out of Plaintiff's employment by, or relationship with, Defendants.

a. The Settlement Amount will be apportioned as follows:

   i. **Six Thousand Dollars and Zero Cents ($6,000.00, USD)** payable by check to Plaintiff for which a Form 1099-MISC shall be issued with appropriate withholdings/deductions for garnishments, child support, and other deductions required by law, and as specifically required by the Illinois Department of Healthcare and Family Services, Division of Child Support Services (the "Department"), to satisfy Defendants' withholding obligations in connection with Case No. C02648237/Docket No. 2012D0051047 (the "Child Support Case"). Plaintiff shall provide Defendants with a fully completed and executed IRS Form W-9 on or before the date of execution of this Agreement.

   ii. **Six Thousand Dollars and Zero Cents ($6,000.00, USD)** payable by check to Plaintiff for which a Form W-2 shall be issued with appropriate withholding/deductions, including federal and state withholdings, garnishments, child support, and other deductions required by law, and as specifically required by the Department, to satisfy Defendants' withholding obligations in connection with the Child Support Case. Plaintiff shall provide Defendants with a fully completed and executed IRS Form W-4 on or before the date of execution of this Agreement.

   iii. **Eight Thousand Dollars and Zero Cents ($8,000.00 USD)**, payable by check or wire transfer to Zandro E. Palma, P.A. ("Plaintiff's Law Firm"), for attorneys' fees and costs incurred by Plaintiff in connection with the Action and this resolution. Defendants will cause an IRS Form 1099 to be issued to Plaintiff's Law Firm reflecting this amount, at the time and in the manner required by law. Plaintiff's Law Firm must provide a fully completed and executed IRS Form W-9 to Defendants' counsel on or before the date of execution of this Agreement.

b. **Payment Schedule will be as follows:**

   i. The Settlement Amount shall be delivered by Defendants to Plaintiff's Law Firm within fifteen (15) days from the occurrence of: the Court's approval of the Agreement and dismissal of the Action with prejudice, and receipt by Defendants from the Department of the amount of the garnishment, child support, or withholdings/deductions from the payments to be made by Defendants to Plaintiff pursuant to this Paragraph 3 to satisfy its obligations in the Child Support Case.

c. **How Payments Made:**

   i. The checks shall be delivered to Zandro E. Palma, P.A., 9100 South Dadeland Blvd., Suite 1500, Miami, Florida 33156. In the event of default by the Defendants in making the payments, as scheduled above, Plaintiff, through his attorney(s), shall give email notice to the Defendants' attorney. Defendants shall then have ten (10) business days to cure the default without penalty or adverse consequence.

Doc ID: 687b01948af62728da934ed0d240327af7260b9cfcf5449d

Plaintiff agrees, warrants, and acknowledges that Defendants shall have no responsibility whatsoever for the payment of any taxes that Plaintiff is liable for with respect to the Settlement Amount. More specifically, Plaintiff agrees and acknowledges that, should any payments of the Settlement Amount be subject to any additional federal or state taxes (including any additional withholdings/deductions to be made pursuant to the Child Support Case and required by the Department, but excluding the employer's lawful share of taxes and any other withholdings) (the "Additional Taxes"), Plaintiff will be responsible for and shall bear the sole and exclusive responsibility for paying the Additional Taxes, as well as any interest and penalties imposed by the Internal Revenue Service thereon, and Plaintiff further understands and agrees that he shall indemnify and hold harmless Defendants to the extent that the Internal Revenue Service seeks to recover the Additional Taxes, as well as any interest and penalties imposed by the Internal Revenue Service thereon.

4) <u>Mutual General Release and Waiver.</u>

   a. <u>Plaintiff's General Release and Waiver of Claims</u>. In exchange for the consideration provided by Defendants in this Agreement, Plaintiff and Plaintiff's heirs, executors, representatives, administrators, agents, insurers, and assigns (collectively, the "Plaintiff Releasors") irrevocably and unconditionally fully and forever waives, releases, and discharges Defendants, including their parents, subsidiaries, affiliates, predecessors, successors, joint employers, and assigns, and each of its and their respective agents, officers, directors, employees, members, managers and agents, in their corporate and individual capacities (collectively, the "Defendants' Releasees"), from any and all claims, demands, actions, complaints, judgments, rights, fees, damages, debts, obligations, liabilities, and expenses (inclusive of attorneys' fees and costs) of any kind whatsoever, whether known or unknown (collectively, "Plaintiff Claims"), that Plaintiff Releasors may have or have ever had against the Defendants' Releasees, or any of them, arising out of, or in any way related to Plaintiff's hire, benefits, employment, termination, or separation from employment with Defendants by reason of any actual or alleged act, omission, transaction, practice, conduct, occurrence, or other matter from the beginning of time up to and including the date of Plaintiff's execution of this Agreement. Plaintiff's general release of claims includes, without limitation:

      i. any and all claims under Title VII of the Civil Rights Act of 1964 (Title VII), the Americans with Disabilities Act (ADA), the Family and Medical Leave Act (FMLA), the Fair Labor Standards Act (FLSA), the Equal Pay Act, the Employee Retirement Income Security Act (ERISA) (regarding unvested benefits), the Civil Rights Act of 1991, Section 1981 of U.S.C. Title 42, the Fair Credit Reporting Act (FCRA), the Worker Adjustment and Retraining Notification (WARN) Act, the National Labor Relations Act (NLRA), the Age Discrimination in Employment Act (ADEA), the Uniform Services Employment and Reemployment Rights Act (USERRA), the Genetic Information Nondiscrimination Act (GINA), the Immigration Reform and Control Act (IRCA), the Florida Civil Rights Act, the Florida Whistleblower Protection Act, Florida Workers' Compensation Law's Retaliation provision, the Florida Wage

Doc ID: 687b0b948bf82728ab9d4d60940637af7281b9fcf5449

      Discrimination Law, the Florida Minimum Wage Act, the Florida Equal Pay Law, the Florida Omnibus AIDS Act, the Florida Domestic Violence Leave Act, the Florida Discrimination on the Basis of Sickle Cell Trait Law, Florida OSHA, the Florida Constitution, the Florida Fair Housing Act, all employment-related and applicable city or county ordinances, including any amendments and their respective implementing regulations, and any other federal, state, local, or foreign law (statutory, regulatory, or otherwise) that may be legally waived and released; however, the identification of specific statutes is for purposes of example only, and the omission of any specific statute or law shall not limit the scope of this general release in any manner;

ii. any and all claims for compensation of any type whatsoever, including but not limited to claims for salary, wages, bonuses, commissions, incentive compensation, vacation, sick pay, or severance;

iii. any and all claims arising under tort, contract, or quasi-contract law, including but not limited to claims of breach of an express or implied contract, tortious interference with a contract or prospective business advantage, breach of the covenant of good faith and fair dealing, promissory estoppel, detrimental reliance, invasion of privacy, nonphysical injury, personal injury or sickness, or any other harm, wrongful or retaliatory discharge, fraud, defamation, false imprisonment, and negligent or intentional infliction of emotional distress; and

iv. any and all claims for monetary or equitable relief, including but not limited to attorneys' fees and costs, back pay, front pay, reinstatement, experts' fees, medical fees or expenses, costs and disbursements, punitive damages, liquidated damages, and penalties;

v. indemnification rights that Plaintiff has against Defendants; and

vi. all claims, including those of which Plaintiff is not aware and those not specifically mentioned in this Agreement, regardless of whether such claims are known or unknown, asserted and unasserted, suspected or unsuspected, accrued or not yet accrued through the date of execution of this Agreement.

Plaintiff's general release of claims against Defendants in this Paragraph 4 shall exclude, and Plaintiff does not waive, release, or discharge any right to file an administrative charge or complaint with or testify, assist, or participate in an investigation, hearing, or proceeding conducted by the Equal Employment Opportunity Commission or other similar federal or state administrative agencies, although Plaintiff waives any right to monetary relief related to any filed charge or administrative complaint; claims that cannot be waived by law, such as claims for unemployment benefit rights and workers' compensation; and any right to file an unfair labor practice charge under the National Labor Relations Act. However, Plaintiff and Plaintiff Releasors hereby certify and affirm that there are no known, anticipated, or pending

Doc ID: 316a27fdebe09a05...

claims against Defendants or the Defendants' Releasees existing as of the Effective Date that may be excluded as set forth in this Paragraph.

  b. <u>Defendants' General Release of Claims.</u> In exchange for the consideration provided by Plaintiff in this Agreement, Defendants, including Defendants' parents, subsidiaries, affiliates, predecessors, successors, joint employers, and assigns, and each of its and their respective agents, officers, directors, employees, members, managers and agents, in their corporate and individual capacities (collectively, the "Defendants' Releasors") irrevocably and unconditionally fully and forever waive, release, and discharge Plaintiff and Plaintiff's heirs, executors, representatives, administrators, agents, insurers, and assigns (collectively, the "Plaintiff Releasees"), from any and all claims, demands, actions, causes of actions, judgments, rights, fees, damages, debts, obligations, liabilities, and expenses (inclusive of attorneys' fees) of any kind whatsoever, whether known or unknown (collectively, "Defendants' Claims"), that Defendants' Releasors may have or have ever had against the Plaintiff Releasees, or any of them, arising out of, or in any way related to Plaintiff's hire, benefits, employment, termination, or separation from employment with Defendants by reason of any actual or alleged act, omission, transaction, practice, conduct, occurrence, or other matter from the beginning of time up to and including the date of Plaintiff's execution of this Agreement. Defendants and the Defendants' Releasors hereby certify and affirm that there are no known anticipated or pending claims before any court, administrative agency, regulatory body, or tribunal of any manner that would be released under the terms of this Agreement.

5) <u>Non-Disparagement</u>. Plaintiff agrees not to make any direct or indirect adverse, derogatory, or disparaging comments or statements (written, oral or by use of social media sites and similar communication tools) about or against Defendants, their officers, directors, employees, or clients. Plaintiff further agrees to remove such comments previously made, if any, from any public media (including written, oral or by use of social media sites and similar communication tools) on which they are posted.

6) <u>Confidentiality.</u> Plaintiff covenants that, at no time prior to the date of the signing of this Agreement, he has reviewed, discussed, or disclosed, orally or in writing, the existence of the Agreement, the negotiations and discussions leading to the Agreement, or any of its terms or conditions with any person, organization, or entity other than his spouse, attorney, or tax consultant. Plaintiff further agrees that from the date of signing this Agreement onward, he will keep the existence of this Agreement, the negotiations and discussions leading to this Agreement, and the terms and conditions of this Agreement, strictly confidential and, except as may be required by law, will not review, discuss, or disclose, orally or in writing, the existence of this Agreement, the negotiations leading to this Agreement, or any of its terms or conditions with any persons, organization, or entity, other than his spouse, attorney, or tax consultant, on the condition that disclosure by such persons shall be deemed a breach of this Agreement. If inquiries arise concerning Plaintiff's dispute with Defendants or this Agreement by anyone other than those listed, Plaintiff will simply state "the matter has been resolved" and will make no further comment. If Plaintiff is required by law through subpoena or otherwise to disclose information described in this

Doc ID: 367b0b948a632728a934e4002937a726b19cf5449

Agreement, he will immediately contact the Defendants' attorney to inform Defendants' attorney of that fact and to provide Defendants an opportunity to challenge the legal process which Plaintiff believes would result in the disclosure of such information.

7) <u>Waiver of Future Employment.</u> Plaintiff waives all rights to employment with Defendants, its subsidiaries, and affiliated companies. If Plaintiff does apply for employment with Defendants, its subsidiaries, or any of its affiliated companies, Defendants and Plaintiff agree that Defendants, its subsidiaries and its affiliated companies need not employ him, and that if Defendants, its subsidiaries, and its affiliated companies decline to employ him, they shall not be liable to Plaintiff for any cause or damages whatsoever.

8) <u>Neutral Reference</u>. Upon any inquiry from Plaintiff's subsequent employer, or from any prospective employer with whom Plaintiff has applied for employment, regarding Plaintiff's prior employment with Defendants, Defendants will provide such inquiring employer with only the following information: (a) Plaintiff's initial date of employment with Defendants; (b) Plaintiff's last date of employment with the Company; and (c) the title of the position held by Plaintiff.

9) <u>Cooperation of Parties.</u> The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents and to do all things reasonably necessary to complete and effectuate the settlement described in this Agreement.

10) <u>No Pending or Future Claims</u>. Plaintiff represents that he has no suits, claims, charges, complaints or demands of any kind whatsoever currently pending against Defendants with any local, state, or federal court or any governmental, administrative, investigative, civil rights or other agency or board based upon events occurring prior to and including the Effective Date of this Agreement. Plaintiff further represents and warrants that he has no knowledge of, and did not witness, any acts of discrimination or retaliation in violation of law by Defendants against any other current or former employee of Defendants, unless such acts have been disclosed by Plaintiff in a signed writing to Defendants' attorney prior to the Effective Date, and with sufficient detail so as to allow Defendants to conduct its own independent investigation of the alleged acts.

11) <u>Incitement of Claims.</u>  Plaintiff agrees that Plaintiff will not encourage or incite any person including, but not limited to, other current or former employees of Defendants to disparage or assert any complaint or claim with any agency or in federal or state court against Defendants.  Plaintiff acknowledges that any incitement of others to file such claims would constitute a material breach of this Agreement.  Plaintiff further warrants and represents that Plaintiff is unaware of any other person who may have a claim or cause of action against Defendants for any reasons.

12) <u>No Construction Against Drafter.</u> This Agreement was drafted jointly by the Parties and in construing and interpreting this Agreement, no provision of the Agreement shall be construed or interpreted against any Party based upon the contention that this Agreement or a portion of it was purportedly drafted or prepared by that Party.

Doc ID: [illegible hash]

13) <u>Notices.</u> Unless stated otherwise herein, any notice required or provided for under this Agreement shall be in writing and sent by electronic mail and by Certified Mail, return receipt requested, as follows:

| As to Plaintiff: | As to Defendants: |
|---|---|
| Zandro E. Palma, Esq. | Jamie White, Esq. |
| Law Offices of Zandro E. Palma, P.A. | Jesse Unruh, Esq. or |
| 9100 South Dadeland Blvd. | SPIRE LAW, PLLC |
| Suite 1500 | 2572 W. State Rd 426, Suite 2088 |
| Miami, Florida 33156 | Oviedo, FL 32765 |
| zep@thepalmalawgroup.com | jamie@spirelawfirm.com |
| jfp@thepalmalawgroup.com | jesse@spirelawfirm.com |
| svelez@thepalmalawgroup.com | filings@spirelawfirm.com |
| dsosa@thepalmalawgroup.com | marcela@spirelawfirm.com |

14) <u>Evidentiary Preclusion.</u> To support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, the Released Parties may file this Agreement.

15) <u>Binding Nature of Agreement</u>. This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, assigns and successors and shall inure to the benefit of each party and their respective heirs, administrators, representatives, executors, successors, and assigns.

16) <u>Severability</u>. If any provision of this Agreement is invalid, illegal, or unenforceable, the balance of this Agreement shall remain in effect, and if any provision is inapplicable to any person or circumstance, it shall nevertheless remain applicable to all other persons and circumstances, provided, however, that the economic and legal substance of the transactions contemplated by this Agreement are not affected in any way materially adverse to any party hereto.

17) <u>Headings.</u> The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

18) <u>Applicable Law and Venue</u>. This Agreement shall be governed by the laws of the State of Florida and any applicable federal law. Jurisdiction for enforcement, prosecution and venue shall lie exclusively in federal or state courts located in the State of Florida with jurisdiction over matters occurring in Broward County, Florida. In the event an action is instituted for breach of this Agreement, each party shall bear its own attorney's fees and costs, including attorney's fees and costs on appeal.

Doc ID: 687b01948af627bda934ed09229270f72801afcf491

19) <u>Signatures in Counterparts.</u> This Agreement may be executed in counterparts, each of which shall be taken to be one and the same instrument, as if all Parties had executed the same signature page. A fax or scanned e-mail copy of any party's signature shall be deemed as legally binding as an original signature.

20) <u>Modification of Agreement</u>. This Agreement may not be amended, revoked, changed, or modified in any manner, except upon a written agreement executed by all Parties. No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the party against whom such waiver is charged.

21) <u>Entire Agreement.</u> This Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements or understandings between them pertaining to the settlement.

22) <u>Effective Date.</u> This Agreement shall be effective on the date that the last of Defendants or Plaintiff executes this Agreement (the "Effective Date").

23) <u>Independent Investigation; Receipt of Advice of Counsel.</u> The Parties understand and acknowledge that they: (i) have performed an independent investigation of the allegations of fact and law made in connection with the Action; and (ii) that even if they may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Action as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement. It is the Parties' intention to resolve their disputes in connection with the Action pursuant to the terms of this Agreement now and therefore, in furtherance of their intentions, this Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in any substantive or procedural law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law or changes in any substantive or procedural law, subsequently occurring or otherwise.

**[SIGNATURES ON FOLLOWING PAGE]**

Doc ID: 316a27fdebe09a05...

**EACH PARTY ACKNOWLEDGES, AGREES AND SPECIFICALLY WARRANTS THAT THEY HAVE FULLY READ THIS AGREEMENT, AND HAVE RECEIVED INDEPENDENT LEGAL ADVICE WITH RESPECT TO THE ADVISABILITY AND LEGAL EFFECTS OF ENTERING THIS AGREEMENT, AND FULLY UNDERSTAND THE EFFECT OF THIS AGREEMENT. EACH PARTY TO THIS AGREEMENT WARRANTS THAT THEY ARE ACTING UPON THEIR OWN INDEPENDENT JUDGMENT AND UPON THE ADVICE OF THEIR OWN COUNSEL AND NOT IN RELIANCE UPON ANY WARRANTY OR REPRESENTATION, EXPRESS OR IMPLIED, OF ANY NATURE OR KIND BY ANY OTHER PARTY, OTHER THAN THE WARRANTIES AND REPRESENTATIONS EXPRESSLY MADE IN THIS AGREEMENT.**

**IN WITNESS WHEREOF**, the undersigned have hereunto caused the foregoing Agreement to be signed as follows:

**PLAINTIFF:**

**Ted Mendez**

Date: 05 / 25 / 2023

**DEFENDANTS:**

**Wash Plus, LLC**

By: _____

Name: Wash Plus, LLC

Its: President

Date: 05 / 25 / 2023

_____

**Michael D. Kelch**

Date: 05 / 25 / 2023

Doc ID: [illegible hash]

 Audit trail

| | |
|---|---|
| **Title** | Wash Plus FLSA Settlement and Release Agreement.pdf |
| **File name** | Wash%20Plus%20FLS...e%20Agreement.pdf |
| **Document ID** | 38a019a8bf8d28eb3e1d902937a7d8da9cf54a91 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

**This document was requested from app.clio.com**

## Document History

**SENT**  
**05 / 25 / 2023**  
16:48:11 UTC  
Sent for signature to Wash Plus, LLC (mkelch@washplus.com) from marcela@spirelawfirm.com  
IP: 72.238.111.217

**VIEWED**  
**05 / 25 / 2023**  
17:47:32 UTC  
Viewed by Wash Plus, LLC (mkelch@washplus.com)  
IP: 173.174.170.167

**SIGNED**  
**05 / 25 / 2023**  
17:48:31 UTC  
Signed by Wash Plus, LLC (mkelch@washplus.com)  
IP: 173.174.170.167

**COMPLETED**  
**05 / 25 / 2023**  
17:48:31 UTC  
The document has been completed.

Powered by Dropbox Sign

Doc ID: c07bbb49ae270c494fe6d24cb20f12f113faee45



Audit trail

| | |
|---|---|
| Title | Settlement Documents |
| File name | MENDEZ TED - IRS Form W-4 052523.pdf and 2 others |
| Document ID | c07bbb49ae270c494fe6d24cb20f12f113faee45 |
| Audit trail date format | MM / DD / YYYY |
| Status | • Signed |

## Document History

**SENT**  
05 / 25 / 2023  
15:04:27 UTC-4  
Sent for signature to Ted Mendez (t.mendez1972@gmail.com) from jfp@thepalmalawgroup.com  
IP: 75.74.89.99

**VIEWED**  
05 / 25 / 2023  
15:31:49 UTC-4  
Viewed by Ted Mendez (t.mendez1972@gmail.com)  
IP: 174.239.98.179

**SIGNED**  
05 / 25 / 2023  
15:33:39 UTC-4  
Signed by Ted Mendez (t.mendez1972@gmail.com)  
IP: 174.239.98.179

**COMPLETED**  
05 / 25 / 2023  
15:33:39 UTC-4  
The document has been completed.

Powered by Dropbox Sign